FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 25, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHARLES WILLIE JACKSON, JR.,<br><br>　　　　　　　　　Defendant. | NOS:　2:17-CR-57-RMP<br>　　　　2:18-CR-46-RMP<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE |

　　　BEFORE THE COURT are Defendant's construed Motions to Reduce his Sentence, or for Compassionate Release, under 18 U.S.C. § 3582(c)(1)(A).  ECF Nos. 52 in Case No. 17-cr-57-RMP and 20 in Case No. 18-cr-46-RMP.  The Court has reviewed Defendant's pro se motions, the supplemental briefing and exhibits submitted on behalf of Mr. Jackson by counsel from the Federal Defenders of Eastern Washington, and the United States' response to Defendants' motions. After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court finds that compassionate release is not supported by the facts of this case.

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 1

# BACKGROUND

On June 15, 2018, after pleading guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a), Defendant was sentenced to a term of incarceration of 70 months in each of two cases, to run concurrently, followed by three years of supervised release. ECF No. 16 in Case No. 18-cr-46-RMP.[1]

Defendant is 34 years old and currently is incarcerated at United States Penitentiary ("USP")-Victorville in California. His anticipated release date is March 31, 2023. United States Bureau of Prisons ("BOP") records indicate that he will be eligible for home detention as of September 30, 2022. Defendant has incurred one in-prison infraction for concealing a weapon in an air vent in December 2019.

Prior to sentencing and upon incarceration by the BOP, Defendant self-reported that he has a history of asthma that began as a child. There is no documentation in the record to indicate whether Defendant currently experiences symptoms from this condition or takes any medication to manage it. The record reflects that Defendant has received dental and mental health care while incarcerated. Defendant's submitted medical records also reflect that Defendant is in good physical health.

---

[1] All further citations are to the docket in Case No. 18-cr-46-RMP, unless otherwise noted.

Defendant proposes release to the home of the mother of three of his children, and counsel represents that Defendant also would receive financial support from his mother while providing care for her. ECF No. 31 at 16. Defendant also indicates a desire to enroll in community college coursework and seek employment using the commercial driver's license he has earned while incarcerated. *Id.*

## LEGAL STANDARD

A court may reduce a term of imprisonment on compassionate release grounds after considering the factors under 18 U.S.C. § 3553(a) to the extent that they are applicable and upon a finding that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>   (i)   The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>   (ii)  The defendant is—
>     (I)   suffering from a serious physical or medical condition,
>     (II)  suffering from a serious functional or cognitive impairment, or

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 3

    (III) experiencing deteriorating physical or mental health because of the aging process,
that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'
 (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
 (C) Family Circumstances—
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
 (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13.

  Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the BOP. Following enactment of the First Step Act, a federal prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[2]

---

[2] The Court takes judicial notice that as of the date of this Order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 4

Relief under 18 U.S.C. § 3582(c)(1)(A) is available only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the warden's receipt of Defendant's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

<u>Exhaustion</u>

Defendant represents that he has exhausted administrative remedies by making two separate requests to the Warden for release and appealing the denial of those requests. ECF No. 31 at 4.  The Government agrees that Defendant's request for compassionate release is ripe for judicial review.  ECF No. 34 at 6.  Defendant first sought compassionate release on July 25, 2020, from the Warden at USP-Victorville, and the Warden denied the request on August 21, 2020.  ECF No. 64. Defendant subsequently appealed the denial within BOP.  *Id.*  The Court finds that there are no further avenues of relief for Defendant to exhaust at the agency level and concludes that he has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

<u>Home Confinement</u>

As a preliminary matter in addressing the merits of Defendant's motions for relief, the Court notes that Defendant seeks to "have the custodial portion of his sentence converted to home confinement to ensure his safety." *See* ECF No. 31 at

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 5

4 n. 3.  Under Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") (Mar. 27, 2020), if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to lengthen the maximum amount of time the Director may place a prisoner in home confinement under 18 U.S.C. § 3452(c)(2).  *See also Wilson v. Ponce*, Case No. CV 20-4451-MWF (MRWx), 2020 U.S. Dist. LEXIS 104571, *20−21 (C.D. Cal. Jun. 8, 2020).  However, as this Court and other district courts have recognized, the CARES Act authorized the BOP alone, not the courts, to expand the use of home confinement during the pandemic.  *See United States v. Adams*, Case No. 18-cr-19-RMP-2, 2020 U.S. Dist. LEXIS 160462, at *3 (Sept. 2, 2020); *Smith v. Blankensee*, Case No. CV 20-4642-JVS (JEM), 2020 U.S. Dist. LEXIS 136623, at *5−6 (C.D. Cal. Jul. 2, 2020).  This Court lacks jurisdiction to order home confinement.  *See Lewis v. Jacquez*, Case No. 20-cv-1146-RSM-BAT, 2020 U.S. Dist. LEXIS 196252, at *7−8 (W.D. Wash. Sept. 29, 2020); *Blankensee*, 2020 U.S. Dist. LEXIS 136623, at *5−6.

Accordingly, the Court considers only whether the Defendant qualifies and presents sufficient justification for compassionate release under 18 U.S.C. § 3582(c).

<u>Extraordinary and Compelling Reasons</u>

Defendant is eligible for release only if he can demonstrate that he has "extraordinary and compelling" circumstances that would justify compassionate

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 6

release in light of both 18 U.S.C. § 3582(c) and 18 U.S.C. § 3553(a), which the United States Sentencing Commission directs courts to consider. USSG § 1B1.13.

Defendant relies on his history of asthma to argue that he is susceptible to complications were he to become ill with COVID-19. ECF No. 31 at 5. Defense counsel further argues that African Americans, such as Defendant, are "statistically speaking overrepresented among patients hospitalized for the illness." ECF No. 31 at 5 n. 9 (continuing, "Admittedly, however, the CDC posits this may not be a result of inherent or genetic increased susceptibility to the virus. The difference is explained by certain extrinsic factors that tend to exist in populations of color.") (citing COVID-19 in Racial and Ethnic Minority Groups, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/racial-ethnic-minorities.html (last visited June 16, 2020); *United States v. Jones*, 2020 WL 5359636, at *9 (N.D. Cal. Aug. 27, 2020) (describing the CDC's findings and implications). The remainder of Defendant's arguments concerns his risk of exposure to COVID-19 at FCI-Victorville, where he was required to complete a quarantine after exposure to an infected individual. ECF No. 31 at *4−5.

The Government counters that the general threat presented by COVID-19 is not limited just to incarcerated populations and the pandemic is being actively managed by the BOP within federal institutions in a responsible manner. ECF No. 34 at 8−9. The Government further contends that Defendant does not have any health

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 7

conditions or other personal characteristics that amount to an extraordinary and compelling reason for reduction of his sentence due to the pandemic. *See id.* at 9.

Defendant has not shown that his asthma is currently active or is a "moderate-to-severe" variant of the condition, which Defendant argues the Centers for Disease Control has noted may render an individual at an increased risk for severe illness from COVID-19. *See* ECF No. 31 at 14 n. 24 (citing See Covid-19 Full Breakdown and Additional Details, https://www.bop.gov/coronavirus; *see, e.g., United States v. Belle*, 457 F. Supp. 3d 134, 139 (D. Conn. 2020) (finding that defendant's asthma was not an extraordinary and compelling reason to grant relief even where records indicated prescription for an inhaler).

Defendant's submissions further indicate that Defendant, at age 34, is not in a vulnerable age group and is generally in good physical health. The Court does not accept that the existence of COVID-19 in a BOP facility qualifies as a basis for releasing the inmates of that facility. Nor does the Court find that COVID-19 in and of itself is an extraordinary and compelling reason to warrant a compassionate release under 18 U.S.C. § 3582(c), because COVID-19 affects nonincarcerated individuals as well as incarcerated ones. Therefore, the Court does not find any extraordinary or compelling reason particular to Defendant to support compassionate release.

Section 3553(a) Factors

Moreover, the factors to be considered in imposing a sentence under 18 U.S.C. § 3553(a) further weigh against compassionate release for Defendant, especially "the

nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).  Defendant's instant conviction is for two separate bank robberies in two states in June 2016.  By the time of his sentencing at age 31, Defendant already had reached a Criminal History Category V.  According to the Amended Presentence Investigation Report filed following sentencing, Defendant's criminal history involves several instances of brandishing a firearm or what he represented at the time was a firearm, as well as assault with a deadly weapon, riot with a deadly weapon, eluding law enforcement, and theft.  Defendant's criminal history also reflects violent behavior related to substance abuse.

The Court is not persuaded by Defendant's submissions that his completion of less than half of his term of incarceration, during which he received one infraction involving a weapon, amounts to an adequate safeguard against future crimes by the Defendant.  *See* 18 U.S.C. § 3553(a)(2)(C).  Moreover, the violent nature of Defendant's criminal history and the circumstances of his instant offenses indicate a risk of danger to others in the community.  *See* 18 U.S.C. § 3142(g).  Therefore, the Court concludes that the § 3553(a) factors weigh against granting Defendant compassionate release under the circumstances presented in his motions.  The Court further concludes that Defendant remains a danger to the community and that this conclusion precludes his release.

Accordingly, having considered all of the factors required by USSG § 1B1.13, as well as those set forth in 18 U.S.C. § 3553(a), **IT IS HEREBY ORDERED** that

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 9

1  Defendant's Motions for Compassionate Release, **ECF Nos. 52 in Case No.**

2  **17-cr-57-RMP and 20 in Case No. 18-cr-46-RMP**, are **DENIED**.

3      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order

4  and provide copies to counsel and to the U.S. Probation Office.

5      **DATED** November 25, 2020.

                    *s/ Rosanna Malouf Peterson*
                    ROSANNA MALOUF PETERSON
                       United States District Judge

ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE ~ 10