1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3

Apr 20, 2022

SEAN F. McAVOY, CLERK

4

5                   UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,

8                        Plaintiff,          NO:  2:18-CR-46-RMP-1

9        v.                                  ORDER DENYING DEFENDANT'S
                                             SECOND MOTION FOR
                                             COMPASSIONATE RELEASE
10  CHARLES WILLIE JACKSON, JR.,

11                      Defendant.

12

13        BEFORE THE COURT is Defendant Charles Willie Jackson, Jr.'s Construed

14  Second Motion for Compassionate Release and Defendant's Motion to Reduce

15  Sentence, under 18 U.S.C. § 3582(c)(1)(A).  ECF Nos. 44, 56.  Having reviewed

16  Defendant's *pro se* motion, the supplemental briefing and exhibits submitted on

17  behalf of Mr. Jackson by counsel, and the United States' response to Defendant's

18  motions, the Court is fully informed.  After considering the applicable factors

19  provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

20  United States Sentencing Commission, the Court finds that compassionate release is

21  not warranted given the facts of this case.

ORDER DENYING DEFENDANT'S SECOND MOTION FOR
COMPASSIONATE RELEASE ~ 1

# BACKGROUND[1]

In March 2018, Defendant pled guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  On June 15, 2018, the Court sentenced him to a term of 70 months in each of his two cases, to run concurrently, followed by three years of supervised release.  ECF No. 16; *see also* ECF No. 47 in Case No. 2:17-cr-57-RMP-1.

Defendant is 35 years old and is incarcerated at the United States Penitentiary in Victorville, California.  ECF No. 44.  His anticipated release date is April 27, 2023.  ECF No. 56 at 9.  Defendant indicates that he is eligible for placement in a residential reentry center (RRC) on April 23, 2022.  ECF No. 59 at 6 (citing 18 U.S.C. § 3624(c)(1)).  However, Defendant's anticipated RRC transfer date is October 31, 2022, after accounting for good time credits or losses.  *Id.*; *see also* ECF No. 54-5 (Defendant's inmate request form indicates an RRC date of October 31, 2022).

While incarcerated, Defendant has incurred two disciplinary infractions: (1) concealing a six-inch metal rod in an air vent in December 2019 and (2) using other inmates' phone accounts to place calls in August 2021.  ECF No. 54-2.  Defendant lost approximately 103 days of good conduct time for the infractions.  *Id.*  Between

---

[1] All citations to the record refer to the instant case number, 2:18-CR-46-RMP-1, unless otherwise specified.

ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE ~ 2

2018 and 2021, Defendant completed or started enrollment in sixteen education courses, which included obtaining his commercial driver's license ("CDL").  ECF No. 54-1.  Defendant also submitted evidence of completing five First Step Act courses between 2019 and 2020: Anger Management, National Parenting Program Phases I and II, Money Smart for Adults, and Drug Abuse Education.  ECF No. 59 at 4; *see also* ECF No. 59-2.

In August 2020, Defendant, proceeding *pro se*, filed his first Construed Motion for Compassionate Release, ECF No. 20, and ECF No. 52 in Case No. 2:17-cr-57-RMP-1.  Defendant proposed he be released to live with his long-term girlfriend, who shares three children with him.  ECF No. 20.  The Court appointed defense counsel, who argued that Mr. Jackson's asthma and race, as an African American, made him more susceptible to complications should he contract COVID-19.  ECF No. 31.

The Court denied the motion for compassionate release in each of Mr. Jackson's two cases, finding that "Defendant has not shown that his asthma is currently active" and Defendant "is not in a vulnerable age group and is generally in good physical health."  ECF No. 35.  Additionally, the Court noted that Defendant's completion of less than half of his term of incarceration, his possession of a dangerous weapon while incarcerated, and the violent nature of his criminal history presented "a risk of dangers to others in the community" if released.  *Id.* at 9.

In September 2021, Defendant filed a second construed motion for compassionate release based on a recent change in his family circumstances. ECF No. 44. He again proposes living with his girlfriend and their three children upon release. ECF No. 56 at 9. He plans to use his CDL "to obtain a job upon release." *Id.* at 14.

## LEGAL STANDARD

A court may reduce a term of imprisonment on compassionate release grounds after considering the factors under 18 U.S.C. § 3553(a), to the extent that they are applicable, and upon a finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The U.S. Sentencing Commission has issued a policy statement recognizing certain circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A)   Medical Condition of the Defendant.—
>         (i)    The Defendant is suffering from a terminal
>                illness (i.e., a serious physical and advanced
>                illness with an end of life trajectory) . . . .
>         (ii)   The defendant is—
>                (I)    suffering from a serious physical or
>                       medical condition,
>                (II)   suffering from a serious functional or
>                       cognitive impairment, or

ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE ~ 4

(III)    experiencing deteriorating physical or mental health because of the aging process, that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    Family Circumstances—

(i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)    Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 cmt. n.1. The policy statements in USSG § 1B1.13 "may inform a district court's discretion for [considering compassionate release] motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the Bureau of Prisons ("BOP"). Following enactment of the First Step Act, a federal

ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE ~ 5

prisoner may move on his own behalf for a sentence reduction and compassionate release after exhausting all administrative appeals. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13, USSG, has not been updated since enactment of the First Step Act.[2]

Relief is available only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty days from the warden's receipt of the defendant's request for compassionate release, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Exhaustion

Defendant states that he exhausted administrative remedies by making multiple requests to the Warden for release.  ECF No. 56 at 12.  Since filing his first construed motion for compassionate release in August 2020, Mr. Jackson filed two separate requests for compassionate release with the Warden in September and November 2021.  ECF Nos. 54-5, 54-6.  More than thirty days elapsed since making those requests with no response made by the Warden.  The Government agrees that Defendant has sufficiently exhausted the required administrative procedures with BOP.  ECF No. 57 at 2, 8.  Accordingly, the Court finds that Defendant has satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

---

[2] The Court takes judicial notice that as of the date of this Order, there are an insufficient number of confirmed commissioners to comprise a quorum for purposes of amending the USSG.

ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE ~ 6

1    <u>Home Confinement</u>

2         In his construed motion for compassionate release, Defendant requests "a

3    sentence reduction or home confinement."  ECF No. 44.  However, as this Court and

4    other courts in the Ninth Circuit recognize, "the decision to place an inmate in home

5    confinement is delegated exclusively to BOP."  *United States v. Woods*, No. 2:14-cr-

6    345-JAM, 2022 WL 378261, *1 (E.D. Cal. Feb. 8, 2022); *see also* ECF No. 35

7    (recognizing that the Court lacks authority to order home confinement in

8    Defendant's first compassionate release motion).  Accordingly, the Court considers

9    only whether the Defendant qualifies and presents sufficient justification for

10   compassionate release under 18 U.S.C. § 3582(c).

11        <u>Extraordinary and Compelling Reasons</u>

12        To be eligible for release, Defendant must demonstrate that "extraordinary

13   and compelling" circumstances justify compassionate release in light of both 18

14   U.S.C. § 3582(c) and 18 U.S.C. § 3553(a), which the United States Sentencing

15   Commission directs courts to consider.  USSG § 1B1.13.

16        Defendant argues that his recent change in family circumstances, namely a

17   heightened need for childcare assistance, constitutes an extraordinary and

18   compelling circumstance that warrants compassionate release.  ECF No. 56 at 4–9.

19   He also notes that he is "serving his sentence under harsh conditions[,]" as a result of

20   numerous COVID-19 lockdowns, and he contends that his participation in multiple

21

ORDER DENYING DEFENDANT'S SECOND MOTION FOR
COMPASSIONATE RELEASE ~ 7

1    education and prison programs demonstrates that he has "continued to better

2    himself." *Id.* at 6, 9.

3        *Family Circumstances*

4        Defendant states that his youngest child, who is deaf and nonverbal, has

5    "intensive needs" that require Defendant's assistance. *Id.* at 12–13. Defendant's

6    girlfriend, and the mother of their three children, Ebony Branch, is the children's

7    primary caregiver. *Id.* at 12. Ms. Branch states that their youngest child is "likely

8    autistic[,]" requires "a liquid-only diet[,]" and "attends occupational and speech

9    therapy twice a week." ECF No. 55 at 2. The two eldest children are remotely

10   attending school via Zoom and also "require monitoring and assistance throughout

11   the day." *Id.*

12       Ms. Branch's mother was the main source of childcare assistance, but she died

13   from pancreatic cancer in "June 202[1]." *Id.* In addition to raising the three

14   children, Ms. Branch is a psychology student and works in retail to financially

15   support the family. *Id.* at 3. Defendant argues that Ms. Branch's struggles "to care

16   for these children, work, and attend night classes" are the "kind of extraordinary

17   situations where courts grant relief." ECF No. 56 at 12–13 (citing *United States v.*

18   *Kesoyan*, No. 2:15-cr-236-JAM, 2020 WL 2039028 (E.D. Cal. Apr. 28, 2020);

19   *United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129 (N.D. Ill. Apr. 3, 2020)).

20       The Government contends that multiple district courts in this Circuit regularly

21   deny compassionate release motions presenting similarly difficult childcare

ORDER DENYING DEFENDANT'S SECOND MOTION FOR
COMPASSIONATE RELEASE ~ 8

circumstances to the instant case.  ECF No. 57 at 10 (collecting cases).  For example, one court recognized that "caring for children fulltime, in the midst of a public health crisis, is increasingly challenging" but does not constitute an unusual or insurmountable circumstance, especially where "children are not without caretakers during [the inmate's] incarceration."  *United States v. Dogan*, No. 2:16-cr-198-JAM-1, 2020 WL 4208532, at *3 (E.D. Cal. July 22, 2020); *see also United States v. Shields*, 2019 WL 2359231, at *5 (N.D. Cal. June 4, 2019) (recognizing the inmate's evidence of his daughter's epilepsy condition and medical advice that she not be left unsupervised but concluding that if such circumstances warrant a sentence reduction, "the same could be said of *any* inmate who has young children and a spouse who must work").

Defendant counters that *Dogan* and *Shields* were decided pre-*Aruda*, when courts viewed USSG § 1B1.13, and its policy statement defining extraordinary and compelling circumstances to include situations where a primary caregiver is deceased or incapacitated as binding.  ECF No. 59 at 9.  Following *Aruda*, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise."  993 F.3d at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).  Even so, Defendant's submissions fall

1    short of demonstrating sufficiently extraordinary and compelling circumstances to

2    warrant compassionate release.[3]

3         Defendant relies on two cases that granted compassionate release for an

4    inmate seeking to provide care for a disabled child or sick relative.  ECF No. 56 at

5    13 (citing *Kesoyan*, 2020 WL 2039028, at *1 and *Reyes*, 2020 WL 1663129).

6    However, Defendant's circumstance more closely follows the factual background in

7    *Shields,* where "the [defendant's] wife was unable to provide adequate supervision

8    because she worked full-time[,]" than in *Kesoyan*, where the defendant's husband

9    lived with physical disabilities, suffered from substance abuse, and was unable to

10   provide adequate care for their child with cerebral palsy. *Kesoyan*, 2020 WL

11   2039028, at *5 (citing *Shields*, 2019 WL 2359231, at *4).

12        The Court sympathizes both with Defendant and Ms. Branch, who has

13   demonstrated her tireless efforts to provide a stable environment for her children

14   amidst multiple obstacles that are wholly unrelated to her capabilities as a parent and

15

16   [3] Although the Court considers the evidence submitted by Ms. Branch discussing

17   the needs of her deaf and non-verbal child, the Court does not give the same "full
     credit" to these submissions as in *Shields* where the defendant "presented updated
     doctors' notes" regarding his child's epilepsy disorder and a medical opinion that

18   the child should not be left unsupervised.  2019 WL 2359231, at *4–5; *see also*

19   *United States v. Bolden*, No. CR16-320-RSM, 2020 WL 4286820, at *5 (W.D.
     Wash. July 27, 2020) (denying inmate's compassionate release motion asserting a

20   change in family circumstances because the primary caregiver failed to provide
     verifiable medical documentation of relevant medical diagnoses and "no

21   supporting letters or documentation beyond her own declaration").

ORDER DENYING DEFENDANT'S SECOND MOTION FOR
COMPASSIONATE RELEASE ~ 10

1    partner.  Unfortunately, "when someone commits a serious crime and is caught, the

2    felon's family members are almost always among the primary victims of the result

3    of his misconduct and suffer both financially and psychologically."  *United States v.*

4    *Henareh*, 11-cr-93-1 (JSR), 2021 WL 119016, at *4 (S.D.N.Y. Jan. 13, 2021).  Here,

5    the Court cannot say that Defendant and Ms. Branch's childcare needs, while

6    undoubtedly challenging, rise to the level of "extraordinary and compelling

7    circumstances" that warrant Defendant's early release.

8            *Prison Conditions and Rehabilitation*

9            Defendant submits that he has experienced numerous harsh measures while

10   incarcerated, primarily as a result of the COVID-19 pandemic.  He notes that his

11   prison conditions have included solitary confinement, long breaks in communication

12   with his children, and an inability to regularly shower or purchase food and hygiene

13   products.  ECF No. 56 at 6–7.  He also claims that BOP staff threatened him to

14   either get the COVID-19 vaccine "or spend 30 days in solitary confinement."  *Id.* at

15   7–8.  Separately, Defendant provides examples of his educational progress while

16   incarcerated, citing approximately fifteen courses he completed between 2018 and

17   2021.  *Id.* at 8.

18           Neither of Defendant's arguments rise to the level of "extraordinary and

19   compelling circumstances" that warrant release.  *See United States v. Villareal*, No.

20   8-cr-1332-JAH-1, 2022 WL 874965, at *4 (S.D. Cal. Mar. 24, 2022) (sympathizing

21   with the defendant's concerns about COVID-19 but noting that "'the same argument

ORDER DENYING DEFENDANT'S SECOND MOTION FOR
COMPASSIONATE RELEASE ~ 11

applies to any inmate' . . . and 'a motion for compassionate release looks not at the

generalized impacts on the movant and others but to the specific effects on him'")

(quoting *United States v. Ngo*, No. 19CR1391 JM, 2022 WL 207704, at *3 (S.D.

Cal. Jan. 24, 2022)); *see also* USSG § 1B1.13 cmt. n.3 ("[R]ehabilitation of the

defendant is not, by itself, an extraordinary and compelling reason for purposes of

this policy statement."). The Court will consider Defendant's claims regarding his

prison conditions and rehabilitation to the extent that they are relevant to factors

under 18 U.S.C. § 3553(a).  However, the Court finds that none of the circumstances

presented by Defendant, individually or cumulatively, are "extraordinary or

compelling" enough to justify compassionate release.

Section 3553(a) Factors

The Court next examines whether the 18 U.S.C. § 3553(a) factors support

Defendant's instant motions, including the nature and circumstances of the offense

and Defendant's history and characteristics.  § 3553(a)(1).

Defendant's conviction stemmed from two separate bank robberies in

Washington and Texas.  At sentencing, the Court observed that Defendant has a

lengthy and violent criminal history that includes battery with serious bodily injury,

riot with a deadly weapon, and second-degree assault with a deadly weapon.  During

his term of incarceration, Defendant received two disciplinary infractions, which

counsel for Defendant argues are not "concerning."  ECF No. 56 at 9.  However, as

this Court previously recognized, Defendant's first infraction, which involved the

ORDER DENYING DEFENDANT'S SECOND MOTION FOR
COMPASSIONATE RELEASE ~ 12

possession of a dangerous weapon, cautioned against finding that a reduced sentence would sufficiently protect the public from future crimes.  ECF No. 35 at 9. Defendant's most recent disciplinary infraction for using other inmates' phone accounts to place calls, while less troubling, still demonstrates his inability to follow rules and procedure.  ECF No. 54-2.

The Court also considers Defendant's demonstrated rehabilitation to the extent it demonstrates his characteristics and the potential for recidivism.  § 3553(a)(1), (a)(2)(C).  In *Reyes*, the Court gave analytical weight to the defendant's "impressive record of rehabilitation[,]" which included completing "thousands of hours of coursework" and helping to "design [a] curriculum for a course seeking to lower recidivism through personal accountability training."  2020 WL 1663129, at *3.  Here too, the Court commends Defendant on his demonstrated commitment to pursuing his education and earning certificates in parenting, anger management, substance abuse, and financial management courses.[4]

However, as the Government persuasively points out, "there is no indication that Defendant has any form of treatment plan for his substance abuse issues" upon

---

[4] On January 19, 2022, the Department of Justice and BOP released a final rule regarding procedures for inmates to earn time credits by "successfully completing approved Evidence-Based Recidivism Reduction (EBRR) Programs or Productive Activities (PAs) assigned to each inmate based on the inmate's risk and needs assessment."  *See* FSA Time Credits 87 Fed. Reg. 2706 (Jan. 19, 2022).  The Court takes no position on Defendant's eligibility for these time credits but notes the recent BOP rule update may provide an additional path to early release.

ORDER DENYING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE ~ 13

1   his release.  ECF No. 57 at 9.  Defendant describes the programming available to

2   him as "limited[,]" but he failed to point to any treatment programs outside of prison

3   that would prove more effective.  *See* § 3553(a)(2)(D) (discussing the need "to

4   provide the defendant with needed educational . . . training, . . . or other correctional

5   treatment in the most effective manner").

6        The Court recognizes that certain harsh prison conditions may undermine the

7   need to provide "just punishment for the offense."  § 3553(a)(2)(A).  Nevertheless,

8   the Court finds that the majority of the relevant factors under § 3553(a), including

9   the nature of the offense and Defendant's violent criminal history, weigh against

10  granting compassionate release.

11       Having considered all of the relevant, albeit non-binding, factors listed in

12  USSG § 1B1.13, as well as those set forth in 18 U.S.C. § 3553(a), the Court finds

13  that Defendant has not demonstrated extraordinary and compelling circumstances

14  warranting compassionate release.  Accordingly, **IT IS HEREBY ODERED** that

15  Defendant's Second Construed Motion for Compassionate Release, **ECF No. 44**,

16  and Defendant's Motion to Reduce Sentence, **ECF No. 56**, are **DENIED**.

17       **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

18  Order and provide copies to counsel and to the U.S. Probation Office.

19       **DATED** April 20, 2022.

                                    *s/ Rosanna Malouf Peterson*
20                                  ROSANNA MALOUF PETERSON
                                    Senior United States District Judge

21

ORDER DENYING DEFENDANT'S SECOND MOTION FOR
COMPASSIONATE RELEASE ~ 14