PROB 12C
(6/16)

Report Date: December 18, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 18, 2025

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: Charles Willie Jackson, Jr. | Case Number: 0980 2:18CR00046-TOR-1 |
| Address of Offender: ▇▇▇▇▇▇▇▇▇▇ Spokane, Washington 99218 | |
| Name of Sentencing Judicial Officer: The Honorable Thomas O. Rice, U.S. District Judge | |
| Date of Original Sentence: June 14, 2018 | |
| Original Offense: | Bank Robbery, 18 U.S.C. § 2113 (a) |
| Original Sentence: Prison - 70 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence: (January 9, 2025) Prison- 5 months TSR- 24 months | |
| Asst. U.S. Attorney: Caitlin A. Baunsgard | Date Supervision Commenced: May 9, 2025 |
| Defense Attorney: John Stephen Roberts, Jr. | Date Supervision Expires: May 8, 2027 |

## PETITIONING THE COURT

To issue a summons

On May 12, 2025, Mr. Jackson's conditions of supervised release were reviewed by the probation officer and he signed said conditions acknowledging an understanding of his conditions.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| | **Supporting Evidence**: It is alleged that Mr. Jackson has violated standard condition number 7 by failing to obtain employment. |
| | As of the date of this report, Mr. Jackson has failed to obtain employment. |

Prob12C
Re: Jackson, Jr., Charles Willie
December 18, 2025
Page 2

| | |
|---|---|
| 2 | **Standard Condition #12**: If this judgement imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments. |

**Supporting Evidence**: Mr. Jackson has violated standard condition number 12 by failing to make any payments toward his restitution since commencing his term of supervision.

Per the special instructions regarding the payment of criminal monetary penalties: Defendant shall participate in the BOP intimate Financial Responsibility Program. During the time of incarceration, monetary penalties are payable on a quarterly basis of not less than $25 per quarter.

While on supervised release, monetary penalties are payable on a monthly basis of not less than $25 per month or 10 % of the defendant's net household income, whichever is larger, commencing 30 days after the defendant is released from imprisonment.

Mr. Jackson was ordered to pay $3,907. A total of $553.72 has been paid, all paid while in custody. The remaining balance is $3,353,28. The last payment was made on April 9, 2025, while Mr. Jackson was incarcerated.

As of the date of this report, Mr. Jackson has made no efforts to make any payments toward his restitution while on supervised release.

| | |
|---|---|
| 3 | **Special Condition #5**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider. |

**Supporting Evidence**: The offender is alleged to have violated special condition 5 by failing to report as directed to his scheduled substance abuse classes at Pioneer Human Services (PHS) on October 21, 29, and November 4, 10, 12, and 14, 2025.

On November 14, 2025, the undersigned was notified from PHS that Mr. Jackson failed to attend his substance abuse classes on October 21, 29, and November 4, 10, 12, and 14, 2025.

| | |
|---|---|
| 4 | **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: The offender is alleged to have violated special condition number 6, by ingesting a controlled substance, methamphetamine, on or about November 13, 2025.

On November 13, 2025, Mr. Jackson reported to the U.S. Probation Office. He submitted a urine sample, which returned presumptive positive for methamphetamine. He adamantly

Prob12C
**Re: Jackson, Jr., Charles Willie**
**December 18, 2025**
**Page 3**

denied any use. The sample was sent to the lab for confirmation. A sweat patch was also placed on Mr. Jackson to confirm abstinence.

On November 21, 2025, the random drug test from November 13, 2025, returned from the lab diluted and positive for methamphetamine.

On November 19, 2025, Mr. Jackson completed another substance abuse assessment at PHS to re-evaluate his level of care. During that assessment he admitted his last use of marijuana being on November 5, 2025, and MDMA on November 13, 2025. The recommendation from the recent assessment recommended that his level of care be increased to inpatient treatment.

On November 20, 2025, the undersigned contacted the offender to discuss his recent assessment that he submitted to on November 19, 2025. The undersigned questioned him about his honesty regarding drug use. Initially, Mr. Jackson only admitted to marijuana use. It was not until the undersigned advised that she has reviewed the recent assessment where he admitted both marijuana and MDMA use that he said "I have been around my cousin who uses, so I came in contact with it." He was still never clear about what substance he came in contact with and never admitted methamphetamine use from November 13, 2025. He continues to be dishonest with the undersigned about his drug use.

On November 30, 2025, the sweat patch that was placed on Mr. Jackson on November 13, 2025, returned positive for methamphetamine and amphetamine.

| | |
|---|---|
| 5 | **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: The offender is alleged to have violated special condition number 6, by ingesting a controlled substance, MDMA, on or about November 13, 2025.

On November 19, 2025, Mr. Jackson completed another substance abuse assessment at PHS to re-evaluate his level of care. During that assessment he admitted his last use of marijuana being on November 5, 2025, and MDMA on November 13, 2025. The recommendation from the recent assessment recommended that his level of care be increased to inpatient treatment

| | |
|---|---|
| 6 | **Special Condition # 6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: The offender is alleged to have violated special condition number 6, by ingesting a controlled substance, marijuana, on or about November 5, 2025.

On November 19, 2025, Mr. Jackson submitted a random urinalysis at PHS that returned

Prob12C
Re: Jackson, Jr., Charles Willie
December 18, 2025
Page 4

presumptive positive for marijuana; he admitted use and signed an admission form stating his last use was November 5, 2025.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   12/18/2025

s/Courtney Hambel

Courtney Hambel
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]   Defendant to appear before the Judge assigned to the case.
[X]   Defendant to appear before the Magistrate Judge.
[ ]   Other

Thomas O. Rice
United States District Judge
December 18, 2025
Date